IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BERNARD D. ELLERBE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DANA METZGER, Warden ) <br> and ATTORNEY GENERAL OF ) <br> THE STATE OF DELAWARE, ) <br> ) <br> Respondents. ) | Civil Action No. 17-1231-CFC |

## MEMORANDUM

### I. BACKGROUND

In 2015, a Delaware Superior Court jury convicted Petitioner Bernard Ellerbe ("Petitioner") of drug dealing, aggravated possession of heroin, possession of drug paraphernalia, two counts of first degree reckless endangering, disregarding a police officer's signal, and reckless driving. He was sentenced to 18 years of imprisonment at Level V, followed by decreasing levels of supervision. *See State v. Ellerbe*, 2016 WL 4119863, at 1 (Del. Super. Ct. Aug. 2, 2016). Petitioner voluntarily dismissed his direct appeal on two occasions. *Id.*

Petitioner filed in the Delaware Superior Court a Rule 61 motion, which was denied. The Delaware Supreme Court affirmed that decision. *See Ellerbe v. State*, 2017 WL 1901809 (Del. May 8, 2017). Petitioner filed a second Rule 61 motion, which the Superior Court summarily dismissed. *See State v. Ellerbe*, 2017 WL 4271207 (Del. Super. Ct. 26, 2017). Petitioner did not appeal that decision.

Thereafter, Petitioner filed in this Court a Petition for Habeas Corpus Relief to 28 U.S.C. § 2254 ("Petition"), challenging his 2015 convictions. (D.I. 1; D.I. 3) The Petition alleges two grounds for relief: ineffective assistance of trial counsel for failing to seek to impeach the DEA forensic chemist with evidence of a pending DEA disciplinary proceeding and ineffective assistance of trial counsel for failing to challenge the DEA forensic chemist's use of the hypergeometric sampling method to analyze the drugs in Petitioner's case. (D.I. 1 at 5, 7; D.I. 3) The State filed an Answer to the Petition, arguing that Claim One should be denied as meritless and Claim Two should be denied as procedurally barred. (D.I. 14 at 7-19)

Petitioner filed a Reply to the Answer (D.I. 19), and a supplemental reply (D.I. 24; D.I. 31). Approximately two months later, on June 3, 2019, Petitioner filed a Motion for Summary Judgment, seeking issuance of the writ. (D.I. 26)

## II. DISCUSSION

Although not the standard practice, it appears that a party may technically file a motion for summary judgment in federal habeas proceeding. See Rule 12 of Rules Governing 2254 Cases, 28 U.S.C. foll. § 2254. Summary judgment will only be appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party has the initial burden of demonstrating that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The existence of a factual dispute will not preclude summary

2

judgment when the dispute does not involve a material fact. See *Anderson*, 477 U.S. at 248.

The instant Motion for Summary Judgment merely duplicates Claim Two of the Petition, supplementing Petitioner's argument that the chemist used the wrong method to determine the substance and weight of the drugs, and that the amount of drugs testing positive for heroin did not meet the weight requirements of the offenses for which he was convicted. The factual assertions in the State's answer contradict Petitioner's argument that the chemist used the incorrect drug test and/or that the chemist determined the wrong weights. These factual disputes are "genuine issues of material fact" since they go to the very essence of Petitioner's arguments. Accordingly, the Court will deny the instant Motion for Summary Judgment because the genuine issues of material fact preclude it from ruling in Petitioner's favor at this juncture. The Court will address the merits of the petition in due course.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's Motion for Summary Judgment should be denied because he is unable to demonstrate the absence of a genuine issue of material fact. An appropriate Order follows.

Dated: January 17, 2020

_____
UNITED STATES DISTRICT JUDGE