IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BERNARD D. ELLERBE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 17-1231-CFC |
| ) | |
| ROBERT MAY, Warden ) | |
| and ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM**

### I.    INTRODUCTION

In January 2015, a Delaware Superior Court jury convicted Petitioner of drug dealing, aggravated possession of heroin, possession of drug paraphernalia, two counts of first degree reckless endangering, disregarding a police officer's signal, and reckless driving. (D.I. 34 at 2); *see also State v. Ellerbe*, 2016 WL 4119863, at *1 (Del. Super. Ct. Aug. 2, 2016). The Superior Court sentenced him to eighteen years of imprisonment at Level V, followed by decreasing levels of supervision. (D.I. 34 at 2); *see also Ellerbe*, 2016 WL 4119863, at *1. Petitioner filed a notice of appeal. (D.I. 34 at 2) In August 2015, while his appeal was pending, Petitioner filed a *pro se* motion for reduction of sentence. (*Id.* at 2-3) The Superior Court deferred decision on the motion during the pendency of Petitioner's direct appeal. (D.I. 18-2 at 189-190) In September 2015, Petitioner voluntarily withdrew his appeal. (*Id.* at 190) The Superior Court denied

Petitioner's motion for reduction of sentence on January 11, 2016. (*Id.* at 187-192) Petitioner did not appeal that decision.

In December 2016, this time represented by counsel, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Superior Court denied the Rule 61 motion in August 2016, and the Delaware Supreme Court affirmed that decision in May 2017. *See Ellerbe*, 2016 WL 4119863, at *4; *State v. Ellerbe*, 161 A.3d 674 (Table), 2017 WL 1901809, at *4 (May 8, 2017). Petitioner filed a second Rule 61 motion, which the Superior Court summarily dismissed. *See State v. Ellerbe*, 2017 WL 4271207 (Del. Super. Ct. 26, 2017). Petitioner did not appeal that decision.

Thereafter, Petitioner filed in this Court a § 2254 Petition asserting the following two ineffective assistance of counsel claims: (1) trial counsel provided ineffective assistance by failing to impeach the DEA forensic chemist who analyzed the drugs seized in his case with evidence of a pending DEA disciplinary proceeding ("Claim One"); and (2) trial counsel provided ineffective assistance by failing to challenge the DEA forensic chemist's use of the hypergeometric sampling method to analyze the drugs in Petitioner's case ("Claim Two"). (D.I. 34 at 8) In a Memorandum Opinion dated September 25, 2020, the Court denied Claim One as meritless and Claim Two as procedurally barred. (D.I. 34; D.I 35) On October 1, 2020, Petitioner simultaneously filed a Notice of Appeal from that decision (D.I. 36) and a timely motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (D.I 37).

2

## II.   STANDARD OF REVIEW

A motion for reconsideration/amend judgment filed pursuant Federal Rule of Civil Procedure 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).  In order to prevail on a Rule 59(e) motion, the moving party must show one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III.   DISCUSSION

The DEA forensic chemist who tested the drug evidence in Petitioner's case determined that the net weight of the 262 bags of heroin seized was 3.5 grams.  The "chemist explained that, after analyzing 27 of the 262 individual glassine bags and finding that 27 bags contained heroin, she used a hypergeometric sampling method[1] to determine with 95% accuracy that 90% of the remaining 235 bags also contained heroin." *Ellerbe* , 2017 WL 1901809, at *1.

---

[1] "The hypergeometric sampling methodology allows the testing laboratory to test a portion of the seized drugs, and, based upon those test results, infer certain conclusions about the balance of the untested seized drugs. It is a statistical model based upon a mathematical formula that produces a statistical inference that, if a certain number of randomly selected samples are tested and all test positive, then it is probable that most of the remaining items would likewise test positive if actually tested." *State v. Roundtree*, 2015 WL 5461668, at *2 (Del. Super. Ct. Sept. 17, 2015)

3

In Claim Two of his Petition, Petitioner argued that trial counsel provided ineffective assistance by failing to challenge the DEA forensic chemist's use of the hypergeometric sampling method to analyze the drugs in Petitioner's case. The Court denied Claim Two as procedurally barred from habeas review. Petitioner's instant Rule 59(e) Motion challenges the Court's denial of Claim Two as procedurally barred and, more specifically, its conclusion that the limited exception to procedurally defaulted ineffective assistance of trial counsel claims established in *Martinez v. Ryan*, 566 U.S. 1 (2012) does not apply in his case. (D.I. 37 at 1) According to Petitioner, the Court misinterpreted the underlying ineffective assistance of trial counsel argument in Claim Two as asserting that trial counsel "failed to challenge the reliability of the hypergeometric sampling." (D.I. 37 at 1) Instead, Petitioner contends that he was

> arguing [that his] trial attorney was deficient for not challenging the use of hypergeometric sampling as a matter of law. [...] [T]rial counsel [...committed] an inexcusable mistake of law [by] unreasonabl[y] fail[ing] to understand the plain language of Title 16 Del. C. Sec. 4751, which doesn't permit hypergeometric sampling on any drugs except prescription drugs.

(D.I. 37 at 1)

In essence, Petitioner asserts that the Court would have determined that Claim Two had some merit warranting the excusal of Petitioner's procedural default under *Martinez*'s exception to the procedural default doctrine if the Court had properly reviewed Claim Two as alleging that trial counsel failed to challenge the propriety of using the hypergeometric sampling method in his case. (D.I. 37 at 6-7) Petitioner's

4

Rule 59(e) Motion appears to invoke the "clear error of law or fact" and "manifest injustice" clause of Rule 59(e).

The Court is not entirely convinced that Petitioner's instant contention regarding trial counsel's failure to challenge the propriety of hypergeometric testing on any of the drugs in his case asserts a separate and distinct ineffective assistance allegation from the argument explicitly considered by the Court in its Memorandum Opinion. Nevertheless, to the extent Petitioner's instant contention does constitute a different argument deserving further discussion,[2] the argument does not warrant reconsideration of the Court's dismissal of Claim Two as procedurally barred, because the argument does not trigger *Martinez*'s limited exception to the procedural default doctrine. First, Petitioner's contention that the hypergeometric sampling procedure was improperly used in his case lacks merit. Delaware courts have explicitly approved the "hypergeometric sampling procedure that the Delaware Division of Forensic Science was using for testing large quantities of heroin." *State v. Mitchell*, 2017 WL 3912974, at *1 (Del. Super. Ct. Sept. 7, 2017). Additionally, Petitioner cannot demonstrate that he was prejudiced by defense counsel's failure to challenge the use of the hypergeometric sampling method in his case, because there was sufficient other evidence of drug dealing for a reasonable jury to convict Petitioner even without scientific confirmation

---

[2]Although Petitioner raised this specific allegation concerning trial counsel's failure to challenge the propriety of using hypergeometric sampling in his Response to the State's Answer, the Court did not explicitly address the instant argument when it considered the general ineffective assistance allegation presented in Claim Two.

5

that the seized substance was heroin.[3]  Since Petitioner cannot demonstrate prejudice, his instant contention regarding trial counsel's ineffective assistance is meritless and fails to satisfy *Martinez*'s standard for excusing a procedural default.

In summary, the Petitioner's instant argument fails to present a clear error of law or fact or demonstrate a manifest injustice of the sort that would compel reconsideration of the Court's denial of Claim Two.  Accordingly, the Court will deny Petitioner's Rule 59(e) motion.

## IV.   CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 59(e) Motion.  (D.I. 37)  The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional

---

[3]In order for Petitioner to be guilty of drug dealing under 16 Del. Code § 4752(2), the State had to prove beyond a reasonable doubt that Petitioner: (1) knowingly possessed with the intent to deliver two or more grams of "morphine, opium, any salt of an isomer thereof, or heroin [...] or any mixture containing any such controlled substance" and (2) that the offense occurred in a vehicle. (D.I. 18-2 at 18)  In addition to the forensic chemist's testing results and testimony, the record contains the following evidence of drug dealing.  Detective Mark Grajewski and Officer Michael Cornbrooks testified that they observed Petitioner engage in a hand-to-hand transaction with the driver of another vehicle. (D.I. 17-13 at 73, 80-81)  Following the hand-to-hand transaction, Detective Grajewski observed Petitioner counting money inside his car as the other vehicle drove away.  (*Id.* at 73, 78)  Petitioner also made excessive efforts to evade police officers after they attempted to pull him over, including traveling at unreasonable speeds.  (*Id.* at 80, 84)  After Petitioner crashed his car, Special Agent Hughes found a plastic bag on Petitioner's lap containing 260 pre-packaged bags of a substance that field tested positive for heroin and weighed a total of 3.9 grams.  (D.I. 17-3 at 86, 96; D.I. 18-2 at 16)  The police also found drug paraphernalia in the car – five cell phones and approximately $11,000 in cash.  (D.I. 17-3 at 98, 100)

right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

Dated: January 13, 2022

                                                         Colm F. Connolly
                                                         Chief Judge