IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BERNARD ELLERBE, | : |
| Petitioner, | : |
| v. | : Civil Action No. 17-1231-CFC |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## **MEMORANDUM**

### I. INTRODUCTION

Petitioner has filed a Motion to Reopen his habeas proceeding pursuant to Federal Rule of Civil Procedure 60(b)(4) and Rule 60(d)(1) ("Motion to Reopen"). (D.I. 43) For the reasons set forth below, the Court will dismiss the Motion to Reopen.

### II. BACKGROUND

As set forth more fully in the Court's September 25, 2020 Memorandum Opinion, a Delaware Superior Court jury convicted Petitioner in January 2015 of drug dealing, aggravated possession of heroin, possession of drug paraphernalia, two counts of first degree reckless endangering, disregarding a police officer's signal, and reckless driving. (D.I. 34 at 2); *see also State v. Ellerbe*, 2016 WL 4119863, at *1 (Del. Super. Ct. Aug. 2, 2016). The Superior Court sentenced Petitioner to 18 years of imprisonment at Level V, followed by decreasing levels of supervision. (D.I. 34 at 2); *see also Ellerbe*, 2016 WL 4119863, at *1. Petitioner filed a notice of appeal. (D.I. 34 at 2) In August 2015, while

his appeal was pending, Petitioner filed a *pro se* motion for reduction of sentence. (*Id.* at 2-3)  The Superior Court deferred decision on the motion for reduction of sentence during the pendency of Petitioner's direct appeal. (D.I. 18-2 at 189-190)  Petitioner voluntarily withdrew his direct appeal in September 2105, and the Superior Court denied Petitioner's motion for reduction of sentence on January 11, 2016. (*Id.* at 187-192)  Petitioner did not appeal that decision.

In December 2016, this time represented by counsel, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  The Superior Court denied the Rule 61 motion in August 2016, and the Delaware Supreme Court affirmed that decision in May 2017. *See Ellerbe*, 2016 WL 4119863, at *4; *State v. Ellerbe*, 161 A.3d 674 (Table), 2017 WL 1901809, at *4 (May 8, 2017).  Petitioner filed a second Rule 61 motion, which the Superior Court summarily dismissed. *See State v. Ellerbe*, 2017 WL 4271207 (Del. Super. Ct. 26, 2017).  Petitioner did not appeal.

Thereafter, Petitioner filed in this Court a § 2254 Petition asserting the following two ineffective assistance of counsel ("IATC") claims: (1) trial counsel provided ineffective assistance by failing to impeach the DEA forensic chemist who analyzed the drugs seized in his case with evidence of a pending DEA disciplinary proceeding ("Claim One"); and (2) trial counsel provided ineffective assistance by failing to challenge the DEA forensic chemist's use of the hypergeometric sampling method to analyze the drugs in Petitioner's case ("Claim Two"). (D.I. 34 at 8)  The Court denied Claim One as meritless and Claim Two as procedurally barred. (D.I. 34; D.I 35)  On

2

October 1, 2020, Petitioner simultaneously filed a notice of appeal from that decision (D.I. 36) and a timely motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (D.I 37). The Third Circuit stayed Petitioner's appeal pending the Court's disposition of his Rule 59(e) motion. (D.I. 39) The Court denied Petitioner's Rule 59(e) motion on January 13, 2022. (D.I. 45; D.I. 46).

On March 15, 2022, the Third Circuit denied Petitioner's request for a certificate of appealability with respect to this Court's denial of his Petition and terminated Petitioner's appeal. (D.I. 47) The Third Circuit stated that, "for substantially the same reasons stated by the District Court, Appellant's claims are either procedurally defaulted or without merit. Jurists of reason would also agree that Appellant failed to demonstrate cause and prejudice or miscarriage of justice necessary to excuse the default." (D.I. 47 at 1) Petitioner filed a motion for the Third Circuit to grant a panel rehearing,[1] which the Third Circuit denied. *See Ellerbe v. Metzger*, C.A. 20-3018, Order (D.I. 37) (3d Cir. May 6, 2022). Petitioner then filed in the United States Supreme Court a petition for writ of certiorari, which was denied on October 31, 2022. *See Ellerbe v. May*, 143 S.Ct. 388 (Oct. 31, 2022).

On August 23, 2023, Petitioner filed the pending Motion to Reopen his habeas proceeding pursuant to Rule 60(b)(4) and (d)(1). (D.I. 48 at 6-12)

## III.  SECOND OR SUCCESSIVE BAR

When, as here, a petitioner files a Rule 60(b) or (d) motion after the denial of his

---

[1] *See Ellerbe v. Metzger*, C.A. 20-3018, Motion (D.I. 36) (3d Cir. Mar. 28, 2022).

3

habeas petition, a court must first determine if the Rule 60(b) or (d) motion constitutes a second or successive motion under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). With respect to Rule 60(b) motions, the Third Circuit has explained:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Although the Third Circuit has not expressly addressed the applicability of the second or successive bar with respect to Rule 60(d) motions, several circuit courts have held that the AEDPA's second or successive rule applies regardless of whether the motion is filed under Rule 60(b) or Rule 60(d). *See Yellowbear v. Hill,* 859 F. App'x 295, 299 (10th Cir. 2021) (explaining "the fact that [the petitioner] presented his Rule 60(b) motion in a pleading styled as an independent action under Rule 60(d)(1), does not change the analysis we use to determine if his pleading is an unauthorized second or successive § 2254 habeas petition."); *Christian v. Thomas*, 982 F.3d 1215, 1221 n. 5 (9th Cir. 2020) ("We analyze whether a filing advances an unauthorized claim under AEDPA using this same standard regardless of whether the original filing is a Rule 60(b) motion or, as here, a Rule 60(d) independent action."); *Johnson v. Davis*, 746 F. App'x 375, 380 (5th Cir. 2018) (explaining that Rule 60(d)(1) motions are affected by AEDPA's second or successive bar); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1277 n.11 (11th Cir. 2004).

4

Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A). "When a second or successive habeas petition is erroneously filed in the district court, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128,139 (3d Cir. 2002).

The following background information is relevant to the Court's determination as to whether the instant Motion to Reopen constitutes a second or successive habeas request. During Petitioner's trial, the DEA forensic chemist testified that she utilized the hypergeometric sampling method to determine that the drugs seized from Petitioner were heroin. In Claim Two of his Petition, Petitioner asserted that trial counsel was ineffective for not challenging the use of the hypergeometric sampling method because, at the time of his trial in 2015, 16 Del. C. § 4751D only explicitly permitted hypergeometric sampling for prescription drugs.[2] He argued that trial counsel's failure

---

[2] The version of § 4715D in effect at the time of Petitioner's trial provided that:

> (a) In any prosecution under this subchapter, in which the weight or quantity of a controlled substance is an element of the offense, the State need not prove that the defendant had any knowledge as to the weight or quantity of the substance possessed. The State need only prove that the defendant knew that the substance was possessed; and, that the substance was that which is alleged, and that the substance weighed a certain amount or was in a certain quantity.
>
> (b) In any prosecution under this subchapter, in which the quantity of a controlled substance is an element of the

5

to challenge the use of the method essentially "allowed the State to engraft upon the statute language to get a conviction." (D.I. 3 at 1-4, 6) According to Petitioner, the fact that the 2014 version of § 4751D did not explicitly permit hypergeometric sampling in cases involving non-prescription drugs demonstrates that he should only have been convicted of dealing and possessing the amount of heroin the expert actually tested. (*Id.*)

In his Petition, Petitioner acknowledged that Claim Two was procedurally defaulted, but argued that the Court should excuse the default under *Martinez v. Ryan*,

---

> offense, and the controlled substance is alleged to be a "prescription drug" as defined in § 4701 of this title, and the alleged prescription drug consists of multiple doses that appear to be substantially identical, evidence that a chemist or other qualified witness properly tested one dose, and found the presence of a controlled substance, shall be prima facie evidence that the "substantially identical doses" each contained the controlled substance that is a prescription drug for purposes of determining whether the State has proven the number of doses constituting the Tier quantities set forth in § 4751C(2)j. or (4)j. of this title. Nothing in this subsection precludes the right of any party to introduce any evidence supporting or contradicting evidence offered pursuant to this subsection.

16 Del. C. § 4715D (2011). In 2019, the Delaware General Assembly amended § 4715D by adding subsection (c):

> (c) The identity or composition of a controlled substance, or a mixture containing a controlled substance, may be established by utilizing a hypergeometric sampling plan or other scientifically accepted methodology.

16 Del. C. § 4715D (2019).

6

566 U.S. 1 (2012)[3] because his IATC argument had "some merit." The Court rejected Petitioner's argument and denied Claim Two as procedurally barred after determining that the underlying IATC claim was not substantial because: (1) trial counsel challenged the use of the hypergeometric sampling method by questioning the chemist on the reliability and accuracy of the hypergeometric method; (2) the chemist only used the hypergeometric method to determine the probability inference of identifying the substance and determined the weight by another process; and (3) the chemist's testimony concerning the hypergeometric sampling method satisfied Delaware Rule of Evidence 702. (D.I. 34 at 15-17)

In his Rule 59(e) motion, Petitioner challenged the Court's conclusion that *Martinez*'s limited exception to procedurally defaulted IATC claims did not excuse his procedural default of Claim Two. (D.I. 37 at 1) According to Petitioner, the Court had misinterpreted the underlying ineffective assistance of trial counsel argument in Claim Two as asserting that trial counsel "failed to challenge the reliability of the hypergeometric sampling," when he was actually arguing[4] that trial counsel was

---

[3]In *Martinez*, the Supreme Court held that inadequate assistance of counsel or the absence of representation during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. at 16-17. In order to obtain relief under *Martinez*, a petitioner must demonstrate that: (1) the procedural default was caused by either the lack of counsel or post-conviction counsel's ineffective assistance during the petitioner's first collateral proceeding in which the claim could have been heard; and (2) the underlying ineffective assistance of defense counsel claim is substantial (*i.e.*, has "some merit"). See *Cox v. Horn,* 757 F.3d 113, 119 (3d Cir. 2014).

[4]In his own words, Petitioner alleged he was

7

ineffective for failing to argue Petitioner could only be convicted of dealing and possessing the amount of heroin the expert actually tested because the version of § 4751D in effect at the time of Petitioner's trial did not explicitly permit hypergeometric sampling in cases involving non-prescription drugs. (D.I. 37 at 4-7)

The Court denied Petitioner's Rule 59(e) motion after determining that Petitioner's argument failed to present a clear error of law or fact or demonstrating a manifest injustice of the sort that would compel reconsideration of the Court's denial of Claim Two. (D.I. 45; D.I. 46). More specifically, the Court found that trial counsel's failure to challenge the propriety of using the hypergeometric sampling procedure did not trigger *Martinez*'s limited exception to the procedural default doctrine because: (1) the hypergeometric sampling procedure was properly used in his case; and (2) there was sufficient other evidence of drug dealing for a reasonable jury to convict Petitioner even without using the hypergeometric sampling method to confirm that the seized substance was heroin. (D.I. 45 at 5-6, n.3)

In the instant Motion to Reopen, Petitioner contends that the Court's denial of Claim Two is void under Rule 60(b)(4) because the Court issued its decision without holding a hearing on or explicitly addressing his request to have the Delaware Supreme

---

> arguing [that his] trial attorney was deficient for not challenging the use of hypergeometric sampling as a matter of law. [...] [T]rial counsel [...committed] an inexcusable mistake of law [by] unreasonabl[y] fail[ing] to understand the plain language of Title 16 Del. C. Sec. 4751, which doesn't permit hypergeometric sampling on any drugs except prescription drugs.

(D.I. 37 at 1)

8

Court certify whether the "2014-extant of 16 Del. C. § 4751D permit[ted] 'hypergeometric sampling' to be used on any controlled substances besides 'prescription drugs.'" (D.I. 48 at 4) Petitioner asserts that the question of law he wanted the Delaware Supreme Court to certify "was determinative of trial counsel's effectiveness." (*Id.*)

Petitioner also pursues relief from the denial of his Petition as an independent action under Rule 60(d)(1). He contends that the Court erred by failing to recharacterize the premise of Claim Two to be that trial counsel provided ineffective assistance by failing to challenge the sufficiency of the evidence supporting his drug convictions. (D.I. 48 at 10)

Although Petitioner describes the two arguments in his Motion to Reopen as challenging the integrity of the Court's decision-making process when denying Claim Two, the arguments challenge the validity of his underlying convictions and constitute second or successive habeas requests. For instance, Petitioner's Rule 60(b)(4) argument that the question of law he wanted the Delaware Supreme Court to certify "was determinative of trial counsel's effectiveness" essentially reasserts the IATC argument he presented in Claim Two. (D.I. 48 at 10) Petitioner's Rule 60(d)(1) argument that "trial counsel's failure to challenge the insufficiency of the evidence [] resulted in unconstitutional drug convictions" appears to either reassert a facet of the IATC argument presented in Claim Two or assert a new IATC argument. (*Id.*)

9

There is no indication that the Third Circuit authorized these second or successive habeas requests. Therefore, the Court will dismiss the instant Motion to Reopen for lack of jurisdiction.

## IV. RULE 60(B)(4) AND (D)(1) MOTION

Alternatively, even if the Court reviewed the instant Motion as a true Motion to Reopen under Rule 60(b)(4) and/or Rule 60(d)(1), the Court would decline to reopen Petitioner's habeas proceeding because the Motion lacks merit. Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b)(4) "authorizes the court to relieve a party from a final judgment if the judgment is void." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (cleaned up). The list of infirmities rendering a judgment void "is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* A Rule 60(b)(4) motion is not a substitute for a timely appeal and a judgment is not void "simply because it is or may have been erroneous." *Id.* at 271. "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type

10

of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.*

Petitioner attempts to demonstrate his entitlement to relief under Rule 60(b)(4) by arguing that the Court deprived him of his due process right to have "a meaningful hearing on his motion for a certified question of law" as to whether the hypergeometric sampling method was properly utilized in his case under the "then extant" statute 16 Del. C. § 4751D (2014), because the issue was "determinative of trial counsel's effectiveness" and "momentous" to the procedural default determination. (D.I. 48 at 4-5) This argument fails for two reasons. First, Petitioner could have, but did not, raise the instant argument concerning the Court's failure to hold an evidentiary hearing when he appealed the Court's denial of his Petition to the Third Circuit. (*See* D.I. 10 in *Ellerbe v. Warden*, C.A. No. 20-3018 (3d Cir. 2020); *see Johnson v. Spencer*, 950 F.3d 680, 699 (10th Cir. 2020) (relief unavailable under Rule 60(b)(4) where same due process arguments were available on appeal but party failed to raise them). Second, the Court's failure to hold an evidentiary hearing did not amount to a due process violation under Rule 60(b)(4). In *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022), the Supreme Court limited a habeas petitioner's ability to successfully assert the ineffective assistance of post-conviction counsel as "cause" to excuse a procedural default by holding that a federal district court may not hold an evidentiary hearing or consider any evidence outside of the state court record to assess cause and prejudice under *Martinez* unless the petitioner satisfies § 2254(e)(2)'s stringent requirements. *Id.* at 387-90. Under § 2254(e)(2), where the petitioner has "failed to develop the factual basis of a claim in

11

state court proceedings, a federal [habeas] court may hold an evidentiary hearing on the claim only if the claim relies on (1) a 'new' and 'previously unavailable' 'rule of constitutional law' made retroactively applicable by [the Supreme] Court, or (2) 'a factual predicate that could not have been previously discovered through the exercise of due diligence.' " *Ramirez*, 142 S. Ct. at 1734 (quoting §§ 2254(e)(2)(A)(i), (ii)). The petitioner must then "show that further fact finding would demonstrate, 'by clear and convincing evidence,' that 'no reasonable fact finder' would have convicted him of the crime charged." *Id.* (*quoting* § 2254(e)(2)(B)).

In Petitioner's case, there is no new rule of constitutional law that was made retroactively applicable by the Supreme Court, nor does Petitioner point to any previously unidentifiable facts surrounding his instant argument about trial counsel's failure to challenge the use of the hypergeometric sampling method in his case. Consequently, the Court was not required to hold an evidentiary hearing on Petitioner's certification of law request/*Martinez* argument which, in turn, means that Court's failure to hold an evidentiary hearing on trial counsel's failure to question the applicability of § 4741D in Petitioner's criminal proceeding did not deprive Petitioner of his due process rights. Thus, Petitioner is not entitled to relief under Rule 60(b)(4).

Petitioner's reliance on Rule 60(d)(1) is equally unavailing. Rule 60(d)(1) provides that a court has the power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). To prevail on a Rule 60(d)(1) motion, a petitioner must demonstrate: "(1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of

action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law." *In re Machne Israel, Inc.*, 48 F. App'x 859, 863 n.2 (3d Cir. Oct. 4, 2002). Courts have consistently held that an independent action in equity is available "only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998); see *Fink v. Bishop*, 2022 WL 4533855, at *2 (3d Cir. Sept. 28, 2022) (stating "Rule 60(d) permits a court to entertain an independent action to relieve a party from a judgment in order to prevent a grave miscarriage of justice."). "An independent action brought under Rule 60(d)(1) "is generally treated the same as a motion under Rule 60(b)." *Quarles v. Samples*, 2023 WL 2497864, at *1 (E.D. Pa. Mar. 14, 2023).

Although not entirely clear, Petitioner appears to believe the Court would have determined an IATC claim based on trial counsel's failure to challenge the sufficiency of the evidence had "some merit" which, in turn, would have resulted with the Court excusing his default under *Martinez*. Relying on this belief, Petitioner contends he can bring an independent action under Rule 60(d)(1) because the Court erred in reviewing Claim Two as asserting an IATC claim based on trial counsel's failure to challenge the use of the hypergeometric sampling method instead of "recharacterizing" the IATC argument in Claim Two as asserting that trial counsel was ineffective for not challenging the sufficiency of the evidence supporting his drug convictions.[5] (D.I. 48 at 10)

---

[5]More specifically, Petitioner asserts:

13

An "independent action cannot be made a vehicle for the relitigation of issues [...] that were open to litigation in the former action where [the litigant] had a fair opportunity to make his claim or defense in that action." *Bankers Mort. Co. v. United States*, 423 F.2d 73,79 (5th Cir. 1970). Whether or not Petitioner's instant IATC/insufficient evidence argument has "some merit" still depends – at least partially – on whether the hypergeometric sampling method was properly utilized during the testing of the heroin in Petitioner's case. The Court already rejected Petitioner's argument that the hypergeometric sampling method was improperly utilized in both its Memorandum Opinion denying his Petition (D.I. 34 at 16-17) and in its Memorandum and Order denying his Rule 59(e) Motion (D.I. 45 at 5). Additionally, Petitioner could have, but did not, raise his argument concerning the Court's alleged "failure" to recharacterize Claim Two when he appealed the Court's denial of his Petition. Given these circumstances, Petitioner has not satisfied any of the required elements for relief under Rule 60(d)(1), nor has he demonstrated that a miscarriage of justice will occur if the Court's judgment is permitted to stand.[6]

---

> [R]egardless of whether or not [Petitioner's] pro se pleadings were inartfully presented, the substance of his pleadings clearly complained of trial counsel's failure to challenge the insufficiency of evidence which resulted in unconstitutional drug convictions. [... T]he District Court could have sought clarity by commencing the "motion recharacterization' procedure before ultimately concluding that his underlying trial counsel ineffectiveness claim held no merit.

(D.I. 48 at 8, 10)

[6]Notably, Petitioner unsuccessfully presented his argument concerning the Court's "failure" to recharacterize Claim Two to the United States Supreme Court in his petition for writ of certiorari.

14

Accordingly, to the extent Petitioner's instant Motion constitutes a "true" Motion to Reopen under Rule 60(b)(4) and/or Rule 60(d)(1), the Court will deny the Motion as meritless.

## V.     CONCLUSION

For the aforementioned reasons, the Court will deny the instant Motion to Reopen. (D.I. 48) The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

Dated: March 11, 2024

_____
Colm F. Connolly
Chief Judge

15